**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

|  |  |  |
|---|---|---|
| ZHA'KEIRAH ROBINSON | : | |
| | : | |
| v. | : | NO 24-CV-364  SWR |
| | : | |
| DETECTIVE TIMOTHY DEERY, et al. | : | |

---

**O P I N I O N**

SCOTT W. REID                                   DATE:  February 3, 2025
UNITED STATES MAGISTRATE JUDGE

In this action, brought under 42 U.S.C.A. §1983, plaintiff Zha'keirah Robinson alleges that she was subjected to undue force by members of the Delaware County Criminal Investigations Division ("C.I.D.") who entered her home on February 8, 2022, to search for her brother.  Robinson now moves to compel Defendant Timothy Deery to identify all "bald or shaved head" officers who were present during the incident.  As explained below, I will grant her motion in part, directing Detective Deery to identify the officer pointed to by Robinson as a "bald-headed" possible assailant from the Ring camera footage.

I.      *Factual Background*

Robinson's Complaint was filed on January 25, 2024.  It names as Defendants Detective Timothy Deery and "Unknown C.I.D. Officers."  In her complaint, Robinson alleges that she was pushed, and caused to fall down a staircase.  *Complaint*, at ¶ 11.  Discovery in this case, other than expert depositions, ended on December 9, 2024.  On December 20, 2024, Robinson moved to compel Deery to respond to a request first made on November 18, 2024, that he identify a "bald or shaved head" officer who appeared in Ring camera footage from February 8, 2022, which showed C.I.D. officers at her front door.

Robinson first revealed that she had relevant Ring camera footage in an interrogatory response from Robinson to Deery dated April 16, 2024. *Plaintiff's Interrogatory Responses*, attached to Deery's Response as Exhibit C at 1, Interrogatory No. 4. The footage itself was produced to the defense on July 25, 2024. *Motion* at ¶4; *Response* ¶ 4. At Robinson's deposition, which took place on November 14, 2024, Robinson stated during questioning by her own lawyer that she thought that a "bald-headed" officer appearing in the footage was the officer who subjected her to unreasonable force, although she also said there was "another one." *Deposition Transcript of Zha'keirah Robinson*, attached to Deery's Response as Exhibit G at 127:9-128:6.

Robinson's counsel emailed defense counsel on November 18, 2024, asking for the identity of "the 'bald' or 'shaved head'" officers who were present during the February 8, 2022, incident, and offering to dismiss Deery from the Complaint once he obtained "the identities of those Officers." *Email* of November 18, 2024, attached to *Motion* as Exhibit I. Robinson's counsel sent other emails seeking "the identity of the 'bald' or 'shaved head' officers" on December 3 and 18, 2204. *Plaintiff's Counsel's Emails* attached to *Motion* as Exhibits J and K. Defense counsel responded, at least to the two latter emails, by telling Robinson's counsel that Deery had already produced the names of all officers he "recalled being present," and that he would not further "guess" who "plaintiff thinks the officer in question might be." *Defense Counsel's Emails*, attached to Response as Exhibit K. Defense counsel's email also notes that, at her deposition, Robinson "testified unequivocally that Det. Deery did *not* throw her down the stairs." *Id*; Defendant's Exhibit G at 75:2-6.

Robinson then filed this motion to compel the production of "the name(s) of the officer(s) who had a shaved head during the incident of February 8, 2022." *Motion* at 1.

III.  *Discussion*

The Scheduling Order in this case, dated August 1, 2024, states that all fact discovery was to proceed in such a manner that "all written discovery [would] be responded to" by December 9, 2024.  In requesting additional discovery on November 18, 2024, Robinson failed to comply with this Order, since a party ordinarily has 30 days to respond to interrogatories after being served, so that Deery's response would not have been due until December 18, 2024.  Fed. R. Civ. Pr. 33(b)(2).

Moreover, Deery is not wrong in pointing out that all of this should have been addressed much earlier in the case, and perhaps even before Robinson's complaint was filed.  Robinson must have been aware, even on February 8, 2022, that she had Ring camera footage.  Further, if she knew on November 14, 2024, that Deery did not use excessive force against her, she must have known this as well on February 8, 2022.  As such, it is dismaying that, instead of using the Ring camera video and all other possible means to identify the proper defendant in this case, she ignored the video footage for almost three years, and filed a complaint naming Deery as a defendant.

Nevertheless, the purpose of discovery is to uncover facts about the claims and defenses set forth in the pleadings.  *See*, *e.g.*, *In re Feldman*, 608 B.R. 426, 435-6 (E.D. Pa. 2019);  *In re Gerber Probiotic Sales Practice Litigation*, 306 F.R.D. 527, 528 (D.N.J. 2015).  Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947); *Bonds v. NJ Judiciary Administration of the Court*, Civ. A. No. 19-18983, 2024 WL 52274567 at *6 (D.N.J. May 8, 2024); *In re Generic Pharmaceuticals Pricing Antitrust Litigation* MDL No. 16-2724, 2024 WL 2977898 at *6 (E.D. Pa. Apr. 23, 2024).

This law is usually cited regarding whether certain requested evidence is relevant under the Federal Rules of Civil Procedure, but it is also helpful here in deciding whether to permit discovery which Robinson failed to request in a timely manner, but which could easily be accomplished. The defense concedes that "it is possible for Det. Deery to identify the 'bald-headed' officer depicted in the Ring camera footage." *Response* at 8. It would not be a burdensome task. In short, although the defense sets forth substantial reasons why it should not have to respond to Robinson's request, it does not claim that it cannot.

On these facts, I prefer to overlook the unappealing facts as to when and how Robinson's request came to be served, rather than risk impairing a possibly meritorious case on a technical basis. For this reason, I will direct Deery to name the individual identified at Robinson's deposition as the "bald-headed" officer in the Ring tape shown at that deposition, as attached as part of Exhibit D to Robinson's motion to compel discovery.

I will not, however, grant Robinson's motion in full. It is not practical to compel Deery to search his memory as to how each of the officers present wore his hair on February 8, 2022, or to exercise his subjective judgment as to whether the hair was short enough to be described as shaved. Further, Robinson testified at her deposition that she was "pretty sure" that "other video from that day" was taken by the Ring camera. *Defendant's* Exhibit G, at 92:11-15. However, as far as the Court is aware, no other video was ever produced to the defense. It is too late to produce it now. Robinson cannot, therefore, ask Deery to view any images other than the still frame of the Ring camera video attached to Robinson's motion as part of Exhibit D.

Finally, paragraphs 13-15 of Robinson's motion pertain to the circumstances under which a plaintiff can replace a "John Doe" defendant with a named defendant. This is not part of a motion to compel discovery, and it is not an issue which has been fully briefed. As such, this decision expresses no opinion on this matter.

IV.    *Conclusion*

As explained above, Plaintiff's motion to Compel Defendant Timothy Deery to Produce the Name(s) of the Officer(s) who had a Shaved Head During the Incident of February 8, 2022, will be GRANTED IN PART and DENIED IN PART, in accordance with this Court's separate Order of this day.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE