IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| ZHA'KEIRAH ROBINSON | : | |
| | : | |
| v. | : | NO 24-CV-364 SWR |
| | : | |
| DETECTIVE TIMOTHY DEERY, et al. | : | |
| | : | |

**O P I N I O N**

SCOTT W. REID                                                                                    DATE:  March 10, 2025
UNITED STATES MAGISTRATE JUDGE

In this case, brought under 42 U.S.C.A. § 1983, plaintiff Zha'keirah Robinson alleges that she was subjected to undue force by members of the Delaware County Criminal Investigations Division ("C.I.D.") who entered her home on February 8, 2022, to search for her brother. Robinson now moves for leave to file an Amended Complaint naming as a defendant Sergeant David McDonald, and dismissing as a defendant Detective Timothy Deery. For the reasons explained below, her motion will be denied.

I.      *Factual Background*

Robinson filed her original complaint on January 25, 2024. She named as defendants Detective Deery and "unknown C.I.D. Officers." She alleged that she was pushed, and caused to fall down a staircase. *Complaint* at ¶ 11. At Robinson's November 14, 2024, deposition, however, she testified that Detective Deery did not subject her to unreasonable force. *Deposition Transcript of Zha'keirah Robinson*, attached to Defendants' *Response* as Exhibit F, at 75:2-14; 123:6-124:23. She testified, instead, that a "bald-headed" officer appearing in Ring camera footage from her front porch "might be" the officer who grabbed her arm, causing her to fall. *Id*. at 56:17-22; 127:9-128:6.

On February 3, 2025, the undersigned granted Robinson's motion to compel Detective Deery to identify the officer identified by her at her deposition as the "bald-headed" police officer. Apparently, he was identified as Sgt. McDonald. As above, Robinson now moves for leave to file an amended complaint dismissing Detective Deery as a defendant, and naming Sgt. McDonald.

II.     *Relevant Legal Principles*

    A.     *Robinson's Statute of Limitations*

As explained by the Court of Appeals for the Third Circuit in *Garvin v. City of Philadelphia*, §1983 claims of injury caused by excessive police force are subject to state statutes of limitation for personal injury actions. 354 F.3d 215, 220 (3d Cir. 2003), *citing Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In Pennsylvania, the personal injury statute of limitation is two years. *Id*, *citing* 42 Pa. C.S.A. §5524(7). Thus, the statute of limitations on Robinson's claims ran on or about February 8, 2024.

The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant. *Garvin*, *supra*. Therefore, Robinson's motion to name Sgt. McDonald as a defendant was filed over one year after the statute of limitations ran on any claims against him.

B.     *Federal Rule of Civil Procedure 15(c)*

Despite the foregoing, there are circumstances under which the naming of a defendant after the statute of limitations can "relate back" to the original filing date of the action. Specifically, replacing the name of a John Doe, or "unknown," party with a party's real name amounts to the changing of a party or the naming of a party, and is permitted under Fed. R. Civ. Pr. 15(c)(1)(C) if specified conditions are met. *Garvin*, at 354 F.3d 220.

Fed. R. Civ. Pr. 15(c) reads, in relevant part:

(1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

…

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) received such notice of the action that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1)(B), which is referred to in 15(c)(1)(C), requires that: "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

Thus, in order to name Sgt. McDonald in place of an "unknown C.I.D.", Robinson must show that (1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the time period provided in Rule 4(m) – which is 90 days – Sgt. McDonald received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) Sgt. McDonald knew that, but for a

mistake concerning his identity, he would have been made a party to the action. *See Garvin*, at 354 F.3d 222, *citing Singletary v. Pa. Dep't of Corrections*, 266 F.3d 186, 194 (3d Cir. 2001).

III.  *Discussion*

Robinson's motion to amend her complaint must be denied because she has not come forward with any evidence that Sgt. McDonald received notice of the institution of her suit within 90 days, as required by Fed. R. Civ. Pr. 15(c)(1)(C). The most she has said on this point is the following:

> It is submitted that the original Complaint and Plaintiff's Amended Complaint, without doubt, put the defendants [*sic*, Sgt. McDonald is a single individual] on notice that they had to maintain a defense on the merits to Plaintiff's claims. It is submitted that all parties and their respective police officers [*sic*, no police departments were named as defendants in this case] had to be on notice of the thrust of Plaintiff's contentions as to liability and the parties responsible for the conduct causing that liability for the injuries that he [*sic* "she"] has suffered.

*Plaintiff's Memorandum of Law* at 7.

Significantly, this statement is not supported by any factual allegation at all. Standing alone, it is obviously inadequate to show that Sgt. McDonald knew anything about Robinson's claim on or before April 25, 2024, 90 days after it was filed.

In the absence of evidence that Sgt. McDonald received actual notice of Robinson's suit, constructive notice could still be imputed to him in some circumstances:

> [T]here are two possible methods by which the district courts could impute notice under Rule 15(c)(3). The first is the "shared attorney" method, which is based on the notion that when the originally named party and the parties sought to be added are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action." *Singletary*, 266 F.3d at 196. The second is the "identity of interest" method, and is related to the shared attorney method. "Identity of interest generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id*. at 197 (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* §1499, at 146 (2d ed. 1990)).

*Garvin*, 354 F.3d at 222-3; *Moore v. Doe*, Civ. A. No. 21-5302, 2023 WL 1766262 at *4 (E.D. Pa. Feb. 3, 2023).

Robinson, however, cannot employ either of these methods to show constructive notice. In the Motion to Intervene filed by Sgt. McDonald on the same day as the response to Robinson's Motion to Amend, Sgt. McDonald is represented by the same attorney who represents Detective Deery. However, this shows only that they shared the same counsel in February, 2025, not that they shared the same counsel between January and April, 2024. Robinson has not even attempted to argue the latter.

Nor has Robinson alleged any facts tending to show that Detective Deery and Sgt. McDonald had an identity of interest. Several courts have rejected an argument that identity of interest can be imputed based only on the fact that a proposed defendant and an originally named defendant are both police officers. *Davis v. Perez*, Civ. A. No. 16-2784, 2017 WL 3567973 at *6 (D.N.J. Aug. 16, 2017), *affirmed and adopted* 2018 WL 2113267 (D.N.J. Ma 8, 2018) (*quoting Valez v. Fuentes*, C.A. No. 15-6939, 2017 WL 2838461 D.N.J. (June 30, 2017): "Absent evidence that indicates otherwise, police officers do not have an identity of interest with fellow police officers that allows imputation of notice,"); *Miller v. City of Philadelphia*, Civ. A. No. 13-2145, 2014 WL 2957666 at *4 (E.D. Pa. June 27, 2014).

All of the three factors set forth in Rule 15(c)(1)(C) must be present before a new party can be added after the running of the statute of limitations to replace an "unknown" defendant. Therefore, the fact that Robinson cannot prove notice means that it is not necessary to decide here whether the other two factors are present.

I note, nevertheless, that – although it is fairly clear that the proposed amendment asserts a claim that arose out of the occurrence set out in the original pleading – it is less clear whether Sgt. McDonald could have known that he would have been sued "but for a mistake concerning the proper party's identity." Logically, Robinson was in the possession of her Ring camera footage since the events of February 8, 2022. Further, there is no reason why she should have known at her November 14, 2024, deposition that a "bald-headed" officer grabbed her arm and caused her to fall, and not known it at the time this case was filed. Therefore, it is probably inaccurate to say that Robinson was "mistaken" in naming Detective Deery instead of Sgt. McDonald.

Finally, although diligence on the part of the plaintiff is not mentioned in Rule 15(c), I note that the Court of Appeals for the Third Circuit ended its decision in *Garvin*, by writing:

> We agree with the City that there is no reason why Garvin could not have discovered the name of the arresting officer within the time period required under Rule 15(c)(3) and Rule 4(m). Garvin did not diligently seek to determine the identity of the officer after she received the initial disclosures from the City [naming the police officers present when she was allegedly injured]. She then waited until two days before the period for fact discovery was scheduled to end before she moved to amend her complaint to include the names of four officers listed in the July 24, 2002 initial disclosures. In light of these circumstances and the other considerations we have stated herein we conclude that the district court did not abuse its discretion in denying Garvin's motion to amend.

354 F.3d at 227-8. Thus, to the extent that diligence is a proper factor for this Court's consideration, I am constrained to note that it was missing here, as it was in *Garvin*.

IV.	*Conclusion*

For the reasons set forth above, I will deny Plaintiff's Petition for Leave to File an Amended Complaint.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE